IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHERIE DIANE TEDDER,<br><br>      Plaintiff,<br><br>  vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY as TRUSTEE of the RESIDENTIAL ASSET SECURITIZATION TRUST 2007-A8, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-H, UNDER THE POOLING AND SERVICING AGREEMENT DATED JUNE 1, 2007; and ONE WEST BANK, FSB dba INDYMAC MORTGAGE SERVICES,,<br><br>      Defendants. | CIVIL NO. 11-00083 LEK-KSC |

**ORDER GRANTING PLAINTIFF'S EX PARTE
<u>MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

On February 2, 2011, Plaintiff Cherie Diane Tedder ("Plaintiff") filed a Complaint for Damages and Injunctive Relief ("Complaint") [Dkt. no. 1] and Ex Parte Motion for Temporary Restraining Order and Motion for Preliminary Injunction ("Motion"). [Dkt. no. 4.] The certificates of service appended to the Complaint and Motion indicate that both pleadings were sent to all parties via United States Mail. The Court held a status conference on the Motion on February 3, 2011. Appearing for Plaintiff was John Harris Paer, Esq. Charles Prather, Esq., made a special appearance for Defendants Deutsche Bank National

Trust Company, as Trustee, and OneWest Bank FSB dba IndyMac Mortgage Services (collectively "Defendants").  At the status conference, Mr. Prather represented that the auction of Plaintiff's home scheduled for February 9, 2011 had been continued for approximately one month to sometime in March 2011.  The Court scheduled a hearing on Plaintiff's Motion for February 22, 2011 at 1:30, and set the following briefing schedule: Defendants' memorandum in opposition was due February 8, 2011 and Plaintiff's reply was due February 11, 2011.

On February 8, 2011, Defendants filed a Declaration of Charles R. Prather ("Declaration").  [Dkt. no. 6.]  The Declaration states that Mr. Prather, along with others in his office, made multiple attempts to contact the Defendants "to secure retention or encourage the Defendants to seek other counsel."  [Declaration at ¶ 8.]  According to Mr. Prather, "[d]espite multiple attempts, I was unable to obtain any response regarding possible representation of the Defendants in this action as of the date set by this Court for Defendants to file their Opposition to Plaintiff's Motion."  [Id. at ¶ 9.]  Defendants have not filed anything further.  As of the date of this Order, Plaintiff has not filed a response to the Declaration.

Under the circumstances, the Court finds this matter suitable for disposition without a hearing pursuant to Rule

LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai'i ("Local Rules"). The hearing on the Motion is therefore VACATED. After careful consideration of the Motion, supporting and opposing documents, and the relevant legal authority, Plaintiff's Motion is hereby GRANTED for the reasons set forth below.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc., 236 F. Supp. 2d 1152, 1154 (D. Hawai'i 2002). In Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 374 (2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." So long as all four parts of the Winter test are applied, "a preliminary injunction [may] issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" Alliance for Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010) (quoting Clear Channel Outdoor, Inc. v. City of Los Angeles, 340 F.3d 810, 813 (9th Cir. 2003)).

The allegations in Plaintiff's Complaint and Motion satisfy this test. Plaintiff alleges, *inter alia*, that Defendants violated the Federal Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and breached a Forbearance Agreement. The Forbearance Agreement drafted by Defendant IndyMac Mortgage Services, a division of OneWest Bank FSB ("Defendant IndyMac"), dated December 14, 2010 and signed by Plaintiff on December 20, 2010, states that Defendant IndyMac "will suspend collections foreclosure upon receipt of the signed agreement and first payment." [Complaint, Exh. G.] Plaintiff claims that she has made all payments required by the Forbearance Agreement. Plaintiff received notice in mid-December 2010 that her home would be sold pursuant to a non-judicial foreclosure sale, set for February 9, 2011. [Complaint ¶¶ 26-27.]

On January 6 and 26, 2011, Plaintiff's counsel spoke with Derek Wong, Esq., counsel for Defendants in the foreclosure matter,[1] who informed Plaintiff's counsel that the auction had not been canceled, and that Mr. Wong could not cancel the auction without instruction to do so from his client. [Complaint ¶¶ 30, 35.] According to Plaintiff, she called Defendant IndyMac "many times in an effort to obtain written confirmation that the auction has been canceled, and to have IndyMac cancel the auction

---

[1] Mr. Wong and Mr. Prather, who specially appeared at the February 3, 2011 status conference, are attorneys at the same law firm.

and instruct its Hawaii attorneys to that effect." [Complaint ¶ 36.] In response, "IndyMac has told her that there would be no auction and that the forbearance agreement is all she needs for that purpose, but it has not instructed its attorneys to cancel the auction, and thereafter has not returned her calls." [Complaint ¶ 37.] Mr. Wong, however, "has stated that the sale cannot be postponed unless and until he gets written instruction to that effect from IndyMac." [Complaint ¶ 38.] At present, the auction of Plaintiff's home is set for sometime in March 2011.

The Court finds that the likelihood of success is such that serious questions going to the merits are raised and that the balance of hardships tips sharply in Plaintiff's favor. See Alliance for Wild Rockies, 622 F.3d at 1049. Plaintiff has demonstrated serious questions going to the merits of her breach of contract claim based on the Forbearance Agreement and the balance of irreparable harm tips in favor of Plaintiff, who stands to lose her home. The Court finds that the imminent non-judicial foreclosure sale of Plaintiff's residence presents a real and significant threat of irreparable harm. See Gonzalez v. Wells Fargo Bank, Civ. No. 09-03444 MHP, 2009 WL 3572118, at *3 (N.D. Cal. Oct. 30, 2009) ("The possible irreparable harm that [plaintiff] would suffer if his home is sold at foreclosure is obviously high."); see also Sundance Land Corp. v. Cmty. First Fed. Sav. & Loan Ass'n, 840 F.2d 653, 661-62 (9th Cir. 1988) (no

adequate remedy at law because of the unique nature of real property). Further, Plaintiff asserts that the lien will remain intact and that the property value is sufficient to cover any amount owed under the loan. [Mem. in Supp. of Motion at 14.] Any prejudice to Defendants caused by a continuance of the sale is therefore outweighed by the irreparable harm to Plaintiff. Finally, the Court finds that the public interest favors preserving the status quo.

The Court observes that the certificates of service reflect that Defendants have received notice of the Complaint and Motion, that Defendants' foreclosure counsel made a special appearance at the February 3, 2011 status conference, but that Defendants have not otherwise substantively opposed Plaintiff's Motion.

On the basis of the foregoing, Plaintiff's Ex Parte Motion for Temporary Restraining Order, filed February 2, 2011, is HEREBY GRANTED. It is HEREBY ORDERED for good cause that Plaintiff's Motion for Temporary Restraining Order is GRANTED as follows:

1. The Defendants and their respective agents, servants, and attorneys, and any person acting in concert or in participation with them, who receives actual notice of this Court's Temporary Restraining Order, must restrain from proceeding in any way with foreclosure related to the

property located at 7762 Kalohelani Place, Honolulu, Hawaii 96825, and is ordered to cancel the planned public auction set for sometime in March 2011.

2. Pursuant to Federal Rule of Civil Procedure 65(b)(2), this Temporary Restraining Order shall expire fourteen days after the date of issuance unless the Order is extended for an additional fourteen days or the adverse parties consent to a longer extension.

    The Court sets Plaintiff's Motion for Preliminary Injunction for hearing on April 19, 2011 at 10:00 a.m. The briefing schedule for the Motion for Preliminary Injunction shall be in accordance with the Local Rules.

    IT IS SO ORDERED.

    DATED AT HONOLULU, HAWAII, February 17, 2011.



    /S/ Leslie E. Kobayashi
    Leslie E. Kobayashi
    United States District Judge

**CHERIE DIANE TEDDER V. DEUTSCHE BANK NATIONAL TRUST COMPANY, ETC., ET AL; CIVIL NO. 11-00083 LEK-KSC; ORDER GRANTING PLAINTIFF'S EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER**